Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3969 | **DATE** | 10/25/2001 |
| **CASE TITLE** | David B. Gonzales vs. Kid Zone, Ltd. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We grant Gonzales's motion (Doc 27-1) for judgment pursuant to Fed.R.Civ.Proc. 54 and award $3000 in damages.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | OCT 2 6 2001 | 37 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID B. GONZALES,  )
d/b/a GONZALES GRAPHICS,  )
 )
    Plaintiff,  )
 )
vs.  )  00 C 3969
 )
KID ZONE. LTD.,  )
d/b/a CENTURY VENDING,  )
 )
L.M. BECKER & CO., INC.,  )
 )
and  )
 )
TRANSFER TECHNOLOGIES, INC.,  )
 )
    Defendants.  )

DOCKETED
OCT 2 6 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Plaintiff David Gonzales' motion for judgment pursuant to Fed. R. Civ. Proc. 54. For the reasons set forth below, the motion is granted.

## BACKGROUND

Our prior opinion in this case, which addressed the claims against Defendant L.M. Becker & Co., sets forth findings of fact for this case. Gonzales v. Kid Zone,

Ltd., 2001 WL 930791 (N.D. Ill. 2001). We restate only those relevant to our decision today.

Plaintiff David Gonzales ("Gonzales") is a California artist. On May 4, 1993, he registered copyrights for four artworks: Virgen de Guadalupe (registration number VA 564,692), Mexican American (registration number VA 564,698), Aztec Logo Gonzales Graphics (Registration number VA 564,702), and Puro Mexicano (Registration number VA 564,707). Defendant Kid Zone, Ltd., contacted defendant Transfer Technologies ("Transfer") and asked them to design tattoos "in the same flavor" as the Gonzales artworks. The resulting tattoo designs are the subject of this litigation.

In April 2000, a publication called *Vending Times* ran a Kid Zone advertisement that was supposed to contain the Transfer tattoos. Instead, the images that appeared along with the ad were the four images designed by Gonzales, minus the copyright notices that had appear on three of the registered images. The advertisement alerted Gonzales to the possibility of infringement, and this suit followed.

## DISCUSSION

We have previously found that the images involved in this action are infringing. Gonzales, 2001 WL 930791, at *4. It is undisputed that Transfer Technologies designed the infringing tattoos, so the only issues left for us to address are whether the infringement was willful, and the proper level of damages.

## 1. Willfulness

An infringement of a copyrighted work is willful if the infringement is done knowingly or with reckless disregard of the rights of the copyright owner. Wildlife Express Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 511 (7th Cir. 1994). A finding of willfulness enables the copyright owner a potentially higher award of statutory damages. 17 U.S.C. § 504(c)(2). In assessing willfulness, the trier of fact may take into account a wide range of actions on the defendant's part, such as whether the defendant ignored copyright notices and the sophistication of the infringing party. Wildlife, 18 F.3d at 512; Knitwaves, Inc., v. Lollytogs Ltd., 71 F.3d 996, 1010 (2nd Cir. 1995).

In this case, the infringing artworks were to be produced "in the flavor" of the Gonzales pieces. Transfer argues that the themes contained in the tattoos, such as the Virgin Mary, eagles, and national flags, can be represented in a limited number of ways. We agree with Transfer that ideas or concepts cannot be appropriated by a single individual. See 17 U.S.C. § 102(b). However, the essence of copyright law is to protect specific expressions of ideas, even common ones like eagles and flags. Feist Publications, Inc., v. Rural Tel. Serv. Co., 499 U.S. 340, 350 (1991).

In examining the art side by side, we conclude that even though the images are not exact copies, Transfer's tattoos do not just share the ideas Gonzales wished to convey; they appropriate his expression. For example, even though the American flag

must have thirteen red and white stripes and fifty stars on a blue background to be recognizable, it need not lay in three furls at a particular angle in the proportions that it does in the Mexican American graphic and the corresponding Transfer tattoo. Eagles need not be in precisely the same posture with their wings spread the same way to be identifiable. Indeed, the images were similar enough that no one noticed that the wrong ones had been placed in the *Vending Times* ad. This striking degree of similarity in combination with the fact that Transfer was under specific instructions to make its images have the flavor of the Gonzales artwork lead us to conclude that Transfer infringed knowingly. Thus, their behavior was willful.

**2. Damages**

Pursuant to 17 U.S.C. § 504(c)(1), Gonzales has elected to seek statutory damages in lieu of actual damages. Once a defendant is found to have infringed a copyright, the statute requires that a district court award damages between $750 and $30,000 for each work infringed. Id. In a case of willful infringement, the court can extend the upper end of that range to $150,000. 17 U.S.C. § 504(c)(2). Conversely, a court finding that an infringer was unaware of the infringement and had no reason to suspect that he or she was infringing another copyright may set the level of damages as low as $200 for each act of infringement. Id.

In the instant matter, although we find that Transfer willfully infringed the Gonzales artwork, we note that they ceased production of the infringing tattoos at the

outset of this litigation. In addition, there is no evidence that there was any commercial exploitation of the infringing artwork; Transfer has not attempted to sell any of the tattoos since the commencement of this suit. As such, we conclude that the appropriate level of damages is $750 for each of the four infringed works, or a total of $3000.

Gonzales has also requested that we exercise our discretion to award attorneys' fees pursuant to 17 U.S.C. § 505. As discussed above, Transfer's actions, though willful, are not the kind of flagrant behavior that would justify an award of attorneys' fees. Therefore, for the same reasons that we set damages at the low end of the statutory damage spectrum, we decline to award Gonzales his fees.

## CONCLUSION

For the foregoing reasons, we grant Gonzales's motion for judgment pursuant to Fed. R. Civ. Proc. 54 and award $3000 in damages.

Charles P. Kocoras
United States District Judge

Dated: October 25, 2001